UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOHN O'MARA, et al.,                    )
                                        )
            Plaintiffs,                 )
                                        )
        vs.                             )   Case No.  4:15-CV-01357-AGF
                                        )
WALLY'S REFRIGERATION, LLC,             )
                                        )
            Defendant.                  )

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on Plaintiffs' motion (Doc. No. 9) for a finding of

civil contempt and sanctions against Defendant Wally's Refrigeration, LLC.  Plaintiffs

brought this action under the Employee Retirement Income Security Act ("ERISA"), 29

U.S.C. § 1132, to collect delinquent fringe benefit contributions.  On October 15, 2015,

the Clerk of Court entered default against Defendant.  By Order dated November 6, 2015,

the Court granted Plaintiffs' unopposed motion to compel an accounting, and ordered

Defendant to submit its payroll registers and other documents needed to perform an audit,

to an auditor of Plaintiffs' choice, within 30 days of the date of the Order.  The Court

cautioned Defendant that failure to do so might result in a finding of civil contempt

against Defendant and the imposition of sanctions, including a fine and/or incarceration.

The Court ordered Plaintiffs to effect service of the November 6, 2015 Order on

Defendant by the means they believed to be most effective, and to file a certificate of

such service.

On December 9, 2015, Plaintiffs filed the present motion for a finding of contempt against Defendant. In support of the motion, Plaintiffs have submitted the affidavit of their counsel, also dated December 9, 2015, stating that on November 6, 2015, he mailed a copy of the Court's November 6, 2015 Order to Defendant and that, as of the date of the affidavit, Defendant had not complied with the Order compelling an accounting. Plaintiffs request the imposition of a fine of $200 a day for each day of noncompliance, and a writ of body attachment issued for Defendant's owner, Walter H. Whelchel, III.

Such relief could well be appropriate. Civil contempt proceedings may be employed in an ERISA case such as this to "coerce the defendant into compliance with a court order or to compensate the complainant for losses sustained, or both." *Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). The Court's contempt power also "extends to non-parties who have notice of the court's order and the responsibility to comply with it." *Id.* at 507 (holding that the district court's payment orders in an ERISA case were binding upon the corporate defendant's sole shareholder and corporate officer and agent who had notice of it, even though the order made no specific reference to him); *Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing & Mech. Inc.*, No. 4:05CV2266 CDP, 2008 WL 2224791, at *2 (E.D. Mo. May 27, 2008); *Carpenters' Dist. Council of St. Louis & Vicinity v. DLR Opportunities, Inc.*, No. 4:07-CV-61 CAS, 2008 WL 163590, at *1 (E.D. Mo. Jan. 17, 2008).

Here, the record establishes that Walter H. Whelchel, III is Defendant's owner, with responsibility to comply with the November 6, 2015 Order. *See* Doc. No. 6-4. However, Plaintiffs have not provided the Court with proof that Mr. Whelchel was

personally apprised of the Court's Order. Although Plaintiffs' counsel has provided proof that he served Defendant with a copy of the November 6, 2015 Order, it is not clear from the record whether Mr. Whelchel, as an individual, was served with a copy of the Order.

Accordingly,

**IT IS HEREBY ORDERED** that, on or before **January 11, 2016**, Defendant Wally's Refrigeration, LLC shall show cause in writing why it should not be held in civil contempt and have sanctions imposed against it for failure to comply with the Court's Order of November 6, 2015.

**IT IS FURTHER ORDERED** that should Plaintiffs wish the Court to find a particular individual in civil contempt and impose sanctions against him, along with the named corporate Defendant, Plaintiffs shall until **January 11, 2016**, to provide the Court with the proof that such individual was personally apprised of the Court's November 6, 2015 Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve a copy of this Order on Defendant Wally's Refrigeration, LLC, at the address reflected in the record.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of December, 2015.